Armen KHACHATRYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–75663.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

Inna Lipkin, Esq., Law Offices of Inna
Lipkin, Redwood City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel Department of
Homeland Security, Andrew Y.S. Cheng,
Esq., USSF—Office of the U.S. Attorney,
San Francisco, CA, David V. Bernal,
DOJ—U.S. Department of Justice Civil
Div./Office of Immigration Lit., Washing-
ton, DC, for Respondent.

Before: B. FLETCHER, TROTT and
CALLAHAN, Circuit Judges.

MEMORANDUM **

Armen Khachatryan, a native of the for-
mer Soviet Union and citizen of Armenia,
petitions for review of an order of the
Board of Immigration Appeals ("BIA")
summarily affirming an immigration
judge's ("IJ") order denying his applica-
tions for asylum, withholding of removal
and protection under the Convention
Against Torture ("CAT"). We have juris-
diction pursuant to 8 U.S.C. § 1252. We
review for substantial evidence, see Gorm-
ley v. Ashcroft, 364 F.3d 1172, 1176 (9th
Cir.2004), and we deny the petition for
review.

---

* The panel unanimously finds this case suitable
for decision without oral argument. See Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

Substantial evidence supports the IJ's determination that even if Khachatryan suffered persecution on account of his Pentecostal religion, there has been a fundamental change in circumstances such that Khachatryan no longer has a well-founded fear of persecution by Armenian authorities. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Khachatryan's claimed fear is undermined by his testimony that the leader of his Pentecostal congregation in Armenia told Khachatryan that he has not experienced any problems since 1995 and that he "has been fine." In addition, Khachatryan's parents continue to attend Pentecostal services in Armenia. Khachatryan also testified that the authorities would not specifically seek him if he were to return to Armenia. This evidence, coupled with corroborating country condition reports, "rebuts [Khachatryan's] specific grounds for his well-founded fear of future persecution." *Popova v. INS*, 273 F.3d 1251, 1259 (9th Cir.2001).

As Khachatryan is unable to meet the burden of proof for asylum, he necessarily fails to meet the higher burden of proof for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Khachatryan also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured if removed to Armenia. *See* 8 C.F.R. § 1208.16(c)(2); *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**